## CHAPTER 6:   DUTIES OF A TRUSTEE

### A.    STATUTORY AND GENERAL DUTIES

The statutory duties of a chapter 11 trustee are set forth in § 1106, which incorporates by reference certain chapter 7 trustee duties as specified in § 704.

The applicable duties prescribed by § 704 include the obligations to:

(2)    be accountable for all property received;

(5)    if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper;

(7)    unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;

(8)    if the business of the debtor is authorized to be operated, file with the court, with the United States trustee, and with any governmental unit charged with responsibility for collection or determination of any tax arising out of such operation, periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires; and

(9)    make a final report and file a final account of the administration of the estate with the court and the United States trustee.

11 U.S.C. § 704 (made applicable by 11 U.S.C. § 1106(a)(1)). In addition to the duties described in § 704, the following provisions of § 1106(a) require a trustee to:

(2)    if the debtor has not done so, file the list, schedule, and statement required under section 521(1) of this title;[4]

(3)    except to the extent that the court orders otherwise, investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of

---

[4]    Section 1106(a) is ambiguous in that it refers to the schedule that the debtor is required to file under § 521(1). However, it must be noted that § 521(1) actually requires two schedules - a schedule of assets and liabilities and a schedule of current income and expenditures. *See* 11 U.S.C. § 521(1).

such business, and any other matter relevant to the case or to the formulation of a plan;

(4)    as soon as practicable –

(A)    file a statement of any investigation conducted under paragraph (3) of this subsection, including any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor, or to a cause of action available to the estate; and

(B)    transmit a copy or a summary of any such statement to any creditors' committee or equity security holders' committee, to any indenture trustee, and to such other entity as the court designates;

(5)    as soon as practicable, file plan under section 1121 of [title 11], file a report of why the trustee will not file a plan, or recommend conversion of the case to a case under chapter 7, 12 or 13 of this title or dismissal of the case;

(6)    for any year for which the debtor has not filed a tax return required by law, furnish, without personal liability, such information as may be required by the governmental unit with which such tax return was to be filed, in light of the condition of the debtor's books and records and the availability of such information; and

(7)    after confirmation of a plan, file such reports as are necessary or as the court orders.

11 U.S.C. § 1106(a).  Finally, 28 U.S.C. § 959 provides that:

(a)    Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property.  Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

(b)    Except as provided in section 1166 of title 11, a trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is

situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof.

28 U.S.C. § 959. (Leave of the bankruptcy court appointing the chapter 11 trustee may be required in order to sue the trustee for acts or transactions not related to carrying on business related to operating property of the estate. The authority for this is split among the circuits. In addition, trustees may be liable for negligence in some circuits while in others a gross negligence standard may be required for personal liability for the trustee.)

This is not an exhaustive list of all duties that a chapter 11 trustee is required to perform on behalf of the estate and its beneficiaries. For example, the trustee is required to make diligent inquiry into any professional's eligibility to be employed and compensated by the estate pursuant to § 326(d); protect monies of the estate in accordance with the provisions of § 345; give notice of the case to any entity holding money or property of the debtor pursuant to Bankruptcy Rule 2015(a)(4); file tax returns where appropriate under § 346(c)(2); withhold state and local taxes as required by law under § 346(f); and meet with a committee of creditors pursuant to § 1103(d). In addition, the court may expand the duties of the trustee, and, in some cases, the trustee must be willing to abandon other pursuits in order to devote full time to the case. In short, a chapter 11 trustee is a fiduciary charged with protecting the interests in the bankruptcy estate of all parties, including all classes of creditors and the debtor. The trustee must protect and preserve estate assets.

## B.    REVIEW OF THE CASE FILE

Immediately upon appointment, approval, and qualification, the trustee must determine the status of the case. This can be accomplished by reviewing the case file; meeting with the United States Trustee, creditors, any appointed creditors' committees, or employees of the debtor; and examining the books and records. Within a very short period of time, the trustee should determine the necessity of seeking the employment of professionals to assist in the performance of the trustee's duties. *See* Chapter 10, *infra*.

### 1.    Statement of Financial Affairs and Schedules of Assets and Liabilities

Because a chapter 11 trustee is generally appointed after the case has been pending for a period of time, the case file should usually contain a petition, the debtor's statement of financial affairs, and schedules of the debtor's assets and liabilities. The schedules should include:

| | | |
|---|---|---|
| Schedule A | - | Real Property |
| Schedule B | - | Personal Property |
| Schedule C | - | Property Claimed as Exempt (individual case) |
| Schedule D | - | Creditors Holding Secured Claims |
| Schedule E | - | Creditors Holding Unsecured Priority Claims |
| Schedule F | - | Creditors Holding Unsecured Non-Priority Claims |

Schedule G    -    Executory Contracts and Unexpired Leases
Schedule H    -    Co-Debtors
Schedule I    -    Current Income of Individual Debtor(s)
Schedule J    -    Current Expenditures of Individual Debtor(s)

*See* Official Form 6.

If it is very early in the case or if the debtor in possession has simply failed to file the documents specified in Bankruptcy Rule 1007, the trustee may be required to prepare and file the list of creditors, the statement of financial affairs, and the schedules of assets and liabilities. 11 U.S.C. § 1106(a)(2). Even if the debtor has filed the statement of financial affairs and schedules, the trustee may find, after a reasonable investigation and review, that it is necessary to file appropriate amendments. The accuracy of the list of creditors, statement of financial affairs, and schedules of assets and liabilities is important for a number of reasons, including providing adequate notice of the case to all creditors, identifying and protecting estate assets, and ensuring that creditor claims are properly listed and identified as disputed, contingent, or unliquidated, where appropriate.

## 2.    Pleadings and Monthly Operating Reports

In addition to the petition, statement of financial affairs, and schedules, the trustee should review relevant pleadings and documents that have been filed in the case. Generally, these will involve the motion, responsive pleadings, and transcript for appointment of a chapter 11 trustee, if any, employment of professionals and retainer agreements, use of cash collateral, postpetition borrowing, sales of estate property, and assumption or rejection of unexpired leases or executory contracts. Finally, the trustee should carefully review all monthly operating reports filed by the debtor in possession. The monthly operating reports should provide the trustee with an overview of the debtor's financial activities since the commencement of the case.

## C.    EXAMINATION OF THE DEBTOR

Section 341(a) provides "[w]ithin a reasonable time after the order for relief in a case under [title 11], the United States trustee shall convene and preside at a meeting of creditors." 11 U.S.C. § 341(a). Pursuant to § 343, "[t]he debtor shall appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title. Creditors, any indenture trustee, any trustee or examiner in the case, or the United States trustee may examine the debtor." 11 U.S.C. § 343. The meeting must be conducted no fewer than twenty (20) days and no more than forty (40) days after the date of filing, unless the United States Trustee designates a place for the meeting that is not regularly staffed by the United States Trustee or an assistant who may preside. Fed. R. Bankr. P. 2003(a). In that case, the meeting must be convened no less than twenty (20) days and no more than sixty (60) days after the order for relief. *Id.* Further, the meeting can be adjourned or continued from time to time by an announcement of the new time and date at the meeting. Fed. R.

Bankr. P. 2003(e). Finally, the United States Trustee may call a special meeting of creditors on request of a party in interest or on the United States Trustee's own initiative. Fed. R. Bankr. P. 2003(f).

If a chapter 11 trustee is appointed prior to the conclusion of the § 341 meeting of creditors, the chapter 11 trustee has an immediate opportunity to conduct an examination of the debtor or the debtor's principals, under oath, at the creditors' meeting. If, however, the trustee is appointed after the § 341 meeting has been concluded, the trustee may request that the United States Trustee convene a special meeting of creditors. *See* Fed. R. Bankr. P. 2003(f). In addition, the trustee should carefully review the recordings of all meetings conducted prior to the trustee's appointment.

Alternatively, the trustee may seek court approval to examine the debtor, or any other entity, pursuant to Bankruptcy Rule 2004. *See* Fed. R. Bankr. P. 2004. A Rule 2004 examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . [or] to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan." Fed. R. Bankr. P. 2004(b).

## D. CONTROL AND PRESERVATION OF PROPERTY

Upon court approval of the trustee appointment, it is imperative that the chapter 11 trustee secure the assets of the estate. The trustee must immediately assume control of all bank accounts held in the name of the debtor, whether or not they are designated as "debtor in possession" accounts, *see* Chapter 7, *infra*; identify, secure, and ascertain the value of the assets of the estate; review and implement internal controls of an operating debtor to safeguard assets; obtain and/or maintain adequate and appropriate insurance coverages, *see* Chapter 7, *infra*; and determine whether the initial bond set by the United States Trustee is sufficient to protect the estate against loss. *See* Chapter 3, *supra*. Monitoring insurance and bond coverage is an ongoing duty of the trustee. If a loss occurs as a result of a trustee's failure to ensure or otherwise protect property of the estate, the trustee could be liable.

## E. BANKRUPTCY CRIMES

Chapter 11 trustees are often appointed after a judicial finding of "cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case." 11 U.S.C. §1104(a)(1). After the trustee assumes control of the debtor, it is the trustee's duty to investigate the affairs of the debtor and the status of the case. *See* 11 U.S.C. § 1106(a)(3). To the extent that the trustee either

discovers or verifies the existence of fraudulent activity, the trustee should notify the United States Trustee immediately.

### 1.    Duty to Report Criminal Conduct

Unless a judge or receiver has already made such report, 18 U.S.C. § 3057 requires a trustee to report suspected violations of federal criminal law to the appropriate United States Attorney. Section 586 of title 28 imposes a similar duty on the United States Trustee to refer any matter that may constitute a violation of criminal law to the United States Attorney and, upon request, to assist the United States Attorney in prosecuting the matter. 28 U.S.C. § 586(a)(3)(F).

A chapter 11 trustee should coordinate efforts with the United States Trustee in the criminal referral process. As noted above, if the trustee has reasonable grounds to believe that a crime has been committed, the trustee is required to refer the matter to the United States Attorney. 18 U.S.C. § 3057(a). However, depending on local practice, the trustee should either submit the referral through the United States Trustee or provide a copy of the referral to the United States Trustee. The mechanics of the actual referral should be discussed with the United States Trustee, the Assistant United States Trustee, or the Regional Criminal Coordinator for the Criminal Enforcement Unit, as they have developed specific procedures with the local offices of the United States Attorney and the Federal Bureau of Investigation.

In making a criminal referral, it is important to provide specific factual and documentary information. At a minimum, the referral should include:

-    the bankruptcy case name, file number, and chapter;
-    a chronological summary, including dates and specific facts related to the who, what, where, when, and how of the suspected crime;
-    a brief narrative of what occurred in relation to each allegation, referring to copies of relevant documents;
-    an estimate of the amount of loss involved;
-    names, addresses, phone numbers, titles, and descriptions of likely witnesses;
-    copies of all written documents relevant to the allegations; and
-    a statement of other related referrals made to law enforcement agencies.

### 2.    Types of Criminal Conduct

The most common bankruptcy crimes are set forth in 18 U.S.C. § 152. Section 152 makes it a crime for any individual to " knowingly and fraudulently" (1) conceal property of the estate; (2) make a false oath or account in relation to a bankruptcy case; (3) make a false declaration, certification, verification, or statement in relation to a bankruptcy case; (4) make a false proof of claim; (5) receive a material amount of property from the debtor with intent to defeat the Bankruptcy Code; (6) give, offer, receive, or attempt to obtain money, property, reward, or

advantage for acting or forbearing to act in a bankruptcy case; (7) transfer or conceal property with the intent to defeat the Bankruptcy Code; (8) conceal, destroy, mutilate, or falsify documents relating to the debtor's property or affairs; or (9) withhold documents related to the debtor's property or financial affairs from a trustee or other officer of the court. 18 U.S.C. § 152.

Persons other than the debtor, the debtor's principals, or the debtor's management may commit bankruptcy crimes. For example, a chapter 11 trustee may discover potential theft or embezzlement by professionals employed by the debtor, or by the debtor's employees.

Sections 153 and 154 of title 18 are specifically directed to trustees and other officers of the court. Section 153 relates to the knowing and fraudulent misappropriation, embezzlement, or transfer of property, or destruction of any estate document, by the trustee or other officer of the court. The Bankruptcy Reform Act of 1994, Pub. L. 103-394, 108 Stat. 4106, 4139 (1994), broadened the scope of those affected by this statute to include an agent, employee, or other person engaged by the trustee or officer of the court.

Section 154 of title 18 prohibits a trustee or other officer of the court from knowingly purchasing, directly or indirectly, any property of the estate of which such person is a trustee or officer; or from knowingly refusing to permit a reasonable opportunity for the inspection of estate documents or accounts when directed by the court to do so. It also specifically identifies the United States Trustee as the only party in interest who does not require a court order directing the trustee or court officer to permit a reasonable opportunity for inspection. 18 U.S.C. § 154(3).

Section 155 of title 18 makes it a crime for any party in interest or its attorney to knowingly and fraudulently enter into an agreement with another party in interest or its attorney, for the purpose of fixing the fee or compensation to be paid them for services rendered in connection therewith, from assets of the estate. 18 U.S.C. § 155.

The Bankruptcy Reform Act of 1994 added 18 U.S.C. § 156, "Knowing Disregard of Bankruptcy Law or Rule," and 18 U.S.C. § 157, "Bankruptcy Fraud." *See* Pub. L. 103-394, 108 Stat. 4106, 4140 (1994). Section 156 makes it a misdemeanor if a bankruptcy case or related proceeding is dismissed because of a knowing attempt by a "bankruptcy petition preparer" in any manner to disregard the requirements of the Bankruptcy Code or the Federal Bankruptcy Rules. 18 U.S.C. § 156. The term "bankruptcy petition preparer" does not include the debtor's attorney or an employee of the debtor's attorney, but applies to a person who prepares for compensation a document for filing by a debtor in bankruptcy court or district court. 11 U.S.C. § 110(a).

Section 157 is similar to the federal mail fraud and wire fraud statutes in that it requires a person to devise or intend to devise a scheme or artifice to defraud. A person, not only a debtor, commits bankruptcy fraud if, for the purpose of executing or concealing this scheme or artifice to defraud, that person:

(1)    files a petition under title 11;

(2)    files a document in a proceeding under title 11; or

(3)    makes a false or fraudulent representation, claim, or promise concerning or in relation to a proceeding under title 11, at any time before or after the filing of the petition, or in relation to a proceeding falsely asserted to be pending under such title.

*See* 18 U.S.C. § 157.

If a person falsely claims to be in bankruptcy, this is a violation of § 157.

Further, the Sarbanes-Oxley Act of 2002, Pub. L. 107-204, 116 Stat. 745 (2000), added 18 U.S.C. § 1519, making the "destruction, alteration, or falsification of records in federal investigations and bankruptcy" a felony. Under § 1519,

Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

18 U.S.C. § 1519.

There are several other criminal statutes that may be relevant to bankruptcy crimes including those relating to bank fraud, tax fraud, mail and wire fraud, and money laundering.